**Volodymyr GEMBEL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4079–ag.

United States Court of Appeals, Second Circuit.

Jan. 3, 2007.

Vlad Kuzmin, Kuzmin & Associates, P.C., New York, NY, for petitioner.

Susan Steele, Assistant United States Attorney, for Christopher J. Christie, United States Attorney for the District of New Jersey, Newark, NJ, for Respondents.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR, and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Volodymyr Gembel, a citizen of Ukraine, seeks review of an October 23, 2002, order of the Board of Immigration Appeals ("BIA"), dismissing Gembel's appeal of an August 7, 2001, order of Immigration Judge ("IJ") Alan L. Page, denying Gembel's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Gembel,* No. A 76 019 769 (B.I.A. Oct. 23, 2002), *aff'g* No. A 76 019 769 (Immig. Ct. N.Y. City Aug. 7, 2001). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues on appeal.

Where, as here, the BIA does not adopt the decision of the IJ, we review the decision of the BIA. *See Ming Xia Chen v. Board of Immigration Appeals,* 435 F.3d 141, 144 (2d Cir.2006); *see also Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the factual findings underlying the BIA's determination that an applicant has failed to sustain his burden of proof under the substantial evidence standard. *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000).

██ To qualify for withholding of removal, Gembel must establish a "clear probability" of persecution, i.e., that it is more likely than not that his life or freedom would be threatened. 8 U.S.C. § 1231(b)(3)(A); *see also INS v. Cardoza–Fonseca,* 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (higher standard for withholding than for asylum). A past threat to life or freedom creates a rebutta-

ble presumption of a future threat. 8 C.F.R. § 1208.16(b)(1). Gembel contends that he suffered past persecution on account of his religion, when he was harassed and beaten by a Ukrainian nationalist group. Although "it is well established that private acts may be persecution if the government has proved unwilling to control such actions," *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 342 (2d Cir.2006), Gembel has not shown that the government was, in fact, unwilling or unable to control the actions of his persecutors. Accordingly, he has not established past persecution and his claim for withholding of removal is denied.

■ Gembel's CAT claim relies on the same underlying facts. To obtain CAT relief, Gembel must show that it is more likely than not that he would be tortured if he returned to Ukraine. 8 C.F.R. §§ 1208.16(c), 1208.17; *see also Khouzam v. Ashcroft,* 361 F.3d 161, 168 (2d Cir. 2004). Furthermore, Gembel must show either that he would be tortured by the government or that such torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see also Khouzam,* 361 F.3d at 171 (petitioners must show "that government officials know of or remain willfully blind to an act [of torture] and thereafter breach their legal responsibility to prevent it"). Because Gembel has not demonstrated that the government instigated or consented to the acts of the Ukrainian nationalists, his claim for CAT relief is denied.

Accordingly, the petition for review is **DENIED.** Having completed our review, the pending motion for a stay of removal in this petition is **DENIED** as moot.